ORIENT INSURANCE COMPANY v. PARLIN-ORENDORFF COMPANY.

Delivered October 3, 1896.

Fire Insurance—House on Leased Lot not Personal Property—Liquidated Demand.

Under article 2971, Revised Statutes, 1879, providing that in case of a total loss by fire of the property insured, the insurance policy shall be considered a liquidated demand for its full amount, but providing further that the article shall not apply to personal property, a one-story brick, metal roof warehouse erected by a tenant upon leased land under a contract stipulating that it should remain his property, removable at expiration of the lease, is not personal property such as to be excluded from the protection of the statute.

APPEAL from Dallas.   Tried below before Hon. EDWARD GRAY.

*Leake, Henry & Reeves*, for appellant.—The court erred in rendering judgment against defendant, because the evidence shows that the insured building was personal property as that term is used in article 2971, Revised Statutes of Texas.   A building erected by a tenant upon leased ground under an agreement with the lessor made before erecting the same, that the building and material composing it should remain the property of the tenant and that he should have the right to remove the same, is a removable fixture, and is the personal property of the tenant.   Cullers v. James, 66 Texas, 497; Hutchins v. Masterson, 46 Texas, 551; Jones v. Bull, 85 Texas, 136; Tiedman on Real Property, sec. 2; Hope Mutual Ins. Co. v. Brolasky, 35 Penn., 282; Sudbury v. Jones, 8 Cush., 189.

*Mc Cormick & Spence*, for appellee.—1.   The phrase, "personal property," has both a popular and technical meaning; and the court, in construing the phrase as used in article 3089, Revised Statutes, 1895, properly gave to it its popular signification, which would exclude from its scope a brick and iron building used as a warehouse, without regard as to whether such building stood on freehold or leasehold land.   Rev. Stats., 1895, art. 3268; Sutherland on Statutory Construction, secs. 248, 250, 254; Final Title, Rev. Stats. of Texas, sec. 3; Robinson v. Varnell, 16 Texas, 382; Engelking v. Von Wamel, 26 Texas, 469; Gross v. Fowler, 21 Cal., 293; Strong v. Burchard, 5 Conn., 361; Brewer v. Harris, 5 Gratt., 298; Avery v. Picksley, 4 Mass., 460, Churchill v. Merchants Bank, 19 Pick., 532; Mitchell v. Woodson, 37 Miss., 567; Cummings v. Coleman, 62 Am. Dec., 402; Greene v. Weller, 32 Miss., 650; Kutter v. Smith, 2 Wall., 497.

2.   A proviso in statutes is used for the purpose of limiting the language of the legislature, and where it follows an enacting clause general in its scope and language, the proviso is to be strictly construed and limited to objects fairly within its terms.   Yarborough v. Wimberly, 41 Texas, 449; Blood v. Fairbanks, 50 Cal., 420; Butts v. R. R. Co.,

63 Miss., 462; McRae v. Holcomb, 46 Ark., 306; Sutherland, Stat. Construction, sec. 223; Epps v. Epps., 17 Ill. App., 196.

FINLEY, ASSOCIATE JUSTICE.—This appeal is prosecuted upon an agreed statement, which clearly presents the only issue involved in the case. The agreed statement is as follows:

"The parties hereto desiring to avoid the necessity of setting out at length all the proceedings had in this case, and as permitted by article 1414, Rev. Stats., hereby agree upon the following brief statement of the case and of the facts proven and admitted upon the trial of this cause, which fully present to the appellate court the issues involved herein:

"Statement of the case:—This suit was instituted in the Forty-fourth District Court of Dallas County, Texas, February 1, 1894, by plaintiff, Parlin & Orendorff Company, against the defendant Insurance Company, upon a policy of insurance issued by the latter to the former November 23, 1892, insuring plaintiff in the sum of $1200 on a one-story brick metal-roof building stated in the policy to be situated on leased grounds. The policy was attached to plaintiff's petition and made a part thereof. A trial was had on June 15, 1895, resulting in a judgment for plaintiff for the full amount of the insurance, with interest, amounting to $1305.

"Facts proven and admitted:—1. The insured building was a one-story brick, metal-roof building, occupied by plaintiff as an agricultural implement warehouse. The lot on which the building was situated did not belong to plaintiff, but belonged to one from whom plaintiff had rented it for a term of five years.

"2. After renting said lot from the owner thereof, plaintiff put up and constructed said building at his own cost, furnishing all the labor and material therefor. At the time of renting said lot to plaintiff, it was agreed between plaintiff and the owner, and was a part of the rental contract, that the insured building which plaintiff then contemplated putting up on said lot, should, together with all the material used in its construction, remain the property of plaintiff, and that plaintiff had the right to remove the same from said lot. And it was agreed and admitted that said building and the material of which it was constructed belonged to plaintiff at the time of the loss. At the time of the fire plaintiff's lease of said lot had not expired.

"3. The policy sued on is in the usual form, applicable alike to real estate and personal property. In the written portion thereof, describing the insured building, it was represented that it was on leased ground.

"4. Plaintiff proved everything necessary to entitle it to recover herein, and is entitled to recover the amount for which judgment was rendered, provided said building is not personal property, as that term is used and explained in article 2971, Revised Statutes. If said building was personal property, as that term is used in article 2971, Revised

Statutes, then plaintiff's evidence, as well as defendant's, shows that plaintiff is not entitled to recover herein, and that the judgment of the lower court should be reversed and rendered in the appellate court in favor of the defendant, upon defendant's plea that suit had been prematurely instituted herein.

"5.    It is agreed that said policy and the pleadings of both or either of the parties hereto be omitted from the transcript, as it is intended that this agreement should fully present every issue involved in this cause."

*Opinion.*—Article 2971, Revised Statutes, referred to in this agreement, is as follows: "A fire insurance policy, in case of a total loss by fire of property insured, shall be held and considered to be a liquidated demand against the company for the full amount of such policy; provided, that the provisions of this article shall not apply to personal property."

The proviso of this statute excludes from its operation personal property, and appellant contends that the brick building covered by the policy here sued upon, was personal property within the meaning of such proviso. The contention is, that the fact that the title to the land was not in the assured, and that the building was constructed upon the land by the assured under a lease, which recognized the building as the property of the assured, and authorized its removal at the expiration of the lease, made the building personal property. Houses are not usually intended to be embraced in the term personal property. They are usually so constructed as to possess, in an eminent degree, the element of permanence in location, and are regarded as partaking of the nature of the land upon which they are built, to such an extent as to become a part and parcel of it. That there are conditions which will prevent a house from becoming a part of the realty upon which it is built, no one will question. It is a well established principle in the law of fixtures, that the intention of the parties largely controls the question whether the building is to be treated as a part of the realty. Hutchinson v. Masterson, 46 Texas, 551. It is this doctrine that is here invoked by appellant as controlling the issue presented for our decision. In the case of Cullers & Henry v. James, 66 Texas, 497, cited by appellant in support of its proposition, it is held that a dwelling house, gin and machinery placed upon leased ground, is the homestead of the family of the lessee, and as such, exempt from execution. In that opinion it is said: "The exemption is in terms of lots or acres of land, but the object was to secure the family a home. House is necessarily embraced in the term homestead * * *. If the head of a family owns a house and no interest or estate in the land, the house is a chattel. If he occupies it with his family, it is their home." It is further said, that the property was personal and not real. We heartily endorse the determination of the issue involved in that case, that the house, etc., placed upon leased land was the homestead of the family. The court

looked beyond the mere letter of the constitution exempting "lots and acres of land" as the homestead, and found and declared its true object and meaning to be to secure the family a home.   The statement of the learned judge delivering the opinion, that the house was personal and not real property had reference to the technical legal distinctions between personal and real property, and the statute before us for construction was in no sense involved.   As was done in that case, we will look to the spirit of the statute here in question and ascertain if possible, the true object intended to be accomplished by its enactment.   In taking this course we not only follow common law canons of construction, but we follow the express directions of our statutory law.   Article 3268 provides:   "Section 6, In all interpretations the court shall look diligently for the intention of the Legislature, keeping in view at all times the old law, the evil and the remedy."

Section 1 of this article declares:   "The ordinary signification shall be applied to words, except words of art, or words connected with a particular trade or subject matter, when they shall have the signification attached to them by experts in such art or trade or with reference to such subject matter."

What was the old law?   Prior to the passage of this statute, persons contracting could stipulate for arbitration in case of disagreement of the parties as to amount of liability under the contract, as a condition precedent to the right to demand satisfaction of such liability or the institution of suit to enforce the same.   It is a matter of common knowledge that insurance companies operating in this State inserted in their policy contracts a clause providing for such arbitration.   Was there any evil in this practice sought to be remedied by our Legislature in enacting our present statute?   They did not seek to remedy any evil in contracts of insurance upon personal property, for they exclude personal property from the operation of the statute.   It was then intended to apply to real property.   Houses for residence and business purposes, constructed of the various different materials, is the character of real property which was usually insured.   What was wrong with the arbitration clause in the insurance policy upon a house?   A house, unlike a stock of merchandise and other personal property, the value and quantity of which is so variable, is of a permanent nature, and is open to easy inspection and reasonably accurate estimate as to value.   The premium charged for insurance is proportioned to the value of the property insured.   It would not be just for a company to collect premiums upon a high valuation and pay losses on a lower valuation.   As the value of the house may be easily ascertained by the insurer, and over valuation readily prevented by inspection, our Legislature fell upon the plan of preventing the wrong indicated by requiring that the value named in the policy should be treated as the true value in the payment of losses. Here we see the evil and the remedy.

But it is insisted that here the house was personal property, and is excluded by the terms of the statute.   Personal, in its general sense,

means simply movable, transitory; personal property, that which may be carried about with the person. It has reference to the real character of the property, and not to the title by which it is held. In this sense, a dwelling house is not embraced within the meaning of the term personal property. To give the statutory term its general signification, the object of the statute will be accomplished; to give its technical legal sense, the evil intended to be remedied will in part still prevail, and without any good reason to support it.

We are of opinion that the statute should be construed to embrace houses, without reference to the question of the fee simple title to the land.

Judgment affirmed.                                          *Affirmed.*

Writ of error refused.