COOPERATIVE INSURANCE ASSOCIATION ET AL. v. J. T. HUBBS.

Decided December 23, 1908.

**1.—Insurance—Building—Realty or Personalty—Total Loss—Pleading.**

An action to recover on an insurance policy upon a residence described therein as having a foundation of rock and cedar sufficiently shows the building to be attached to the soil and to be prima facie realty, for which, in case of total loss, a liquidated demand for the amount of the insurance arises under the statute (Rev. Stats., art. 3089) even though it should be held that the insured had the burden of alleging and proving a building to be realty in order to bring the case within the statute, which is questioned.

**2.—Insurance—Warranty.**

An agreement by the insured to keep metal under the stoves in a house was not a warranty, and failure to comply did not avoid the policy.

**3.—Briefs—Proposition.**

Errors, to require consideration, must be presented by sufficient propositions in the brief.

Appeal from the District Court of Tom Green County. Tried below before Hon. J. W. Timmins.

*A. E. Dubois* and *J. Curtys Simmons,* for appellant.—Appellee having declared upon the policy of insurance as a liquidated demand, he was required to allege that the building insured was real property, and its total loss by fire. Rev. Stats. 1895, art. 3089; Continental Ins. Co. v. Chase, 33 S. W., 602; Commercial Union Assur. Co. v. Meyer, 9 Texas Civ. App., 7; Phoenix Assur. Co. v. Mfg. Co., 49 S. W., 271.

Except under valued policy statutes it is incumbent upon the plaintiff to prove the value of the property destroyed, and to admit

such proof appellee should have alleged the value of the building at the time of its loss by fire. 19 Cyc., 939, 670; also authorities above.

Fourth assignment of error.—The court erred in refusing to permit defendants to ask Mrs. J. T. Hubbs, a witness for plaintiff, on cross-examination, if plaintiff did not fail to keep metal under the stoves which were in the house alleged to have been destroyed.

Proposition.—In the policy the following question and statement appear: "Do you agree to keep metal under each stove?" Ans., "Yes." Said statement was a part of the policy, and appellants specially pleaded in their answer, fifth paragraph, subdivisions (a) and (c), that same was a warranty, and that said policy was void and inoperative because of appellee's failure to comply therewith. 19 Cyc., 740 (2); Mickey v. Burlington, 14 Am. Rep., 494.

*Hill & Lee,* for appellee.—In declaring upon a policy of fire insurance upon a building as a liquidated demand under Revised Statutes, article 3089, it is not necessary to allege that the building so totally destroyed was real property, and the description in the petition of the property as contained in the policy is sufficient and its character whether real or personal is shown thereby. Rev. Stats., art. 3089; Orient Insurance Co. v. Parlin & Orendorff Co., 38 S. W., 60; Sullivan v. Hartford Fire Ins. Co., 89 Texas, 665; Continental Ins. Co. v. McCulloch, 39 S. W., 374.

FISHER, CHIEF JUSTICE.—This is a suit by appellee on a fire insurance policy to recover the amount of insurance on a building insured by the appellant in favor of appellee. The court treated the policy as a liquidated demand under art. 3089 of the Revised Statutes, and rendered judgment for the amount of $800, the value of the building agreed upon in the policy.

There is no contest over the question that the building was totally destroyed, and that the premiums were paid and notice of loss given. The first page of the policy contains this recital, after stating that it insures in favor of J. T. Hubbs against all loss by fire, etc., in amount not exceeding $800: "On the two story, shingle roof, frame building, with adjoining and communicating additions, including water and gas pipings and fixtures, plate glass and wall decorations, while occupied as a private residence." On page 5 of the policy, as appears in the agreed statement of facts appears this description: "Building: Of what material? Frame. When built? 1899 and 1900. How many stories? Two. How many rooms, exclusive of hall and closet? Nine. How many verandas or porches? Three. What is material of roof? Shingle. What kind of foundation? Stone and cedar. What was the original cost of the building? $1000. What was the cost of the addition since? $200."

It is contended that in a suit on a policy such as this, in order to treat the building as a part of the realty and bring it within the purview of art. 3089 so as to consider the policy in the event of a total destruction as a liquidated demand, it is necessary for the plaintiff to allege and prove that the building so insured and de-

stroyed was in fact not personal property. We might rest the decision of this question upon what is said by the court in Orient Insurance Co. ·v. Parlin & Orendorff, 38 S. W., 60, where in effect it is held that as between the Insurance Company and the assured, a building destroyed and covered by the policy will be treated as realty, and that in a contest concerning the liability of the Insurance Company, the question whether the building shall be regarded as a removable fixture will not be gone into and considered. However, it is not necessary, in order to support the judgment in this case, that we should go that far, for, in our opinion, the recitals contained in the policy with reference to the description of the property prima facie show that it was considered, regarded and treated as realty. When it is provided in the policy that the subject of insurance is a building attached to the soil occupied as a dwelling, it prima facie appears that it is not personal property. It appears from the recitals quoted that the building in question rested upon rock and cedar pillars, showing that it was attached to the land, and when such state of facts is shown it should be regarded as a permanent fixture, unless the contrary is shown.

It is provided by art. 3089 that a fire insurance policy, in the event of a total loss of the property insured, shall be held and considered a liquidated demand for the full amount of the policy, provided, so the statute states, it shall not apply to personal property. Independent of the question upon whom would rest the burden of proof in a case under this statute, it is clear that the statute would only demand from the plaintiff in order to recover, that the pleading and evidence should be sufficient to create in his behalf a prima facie right to recover. And when he describes in his petition, and the evidence establishes the fact that a dwelling house, which was attached to the soil and so described in the policy, was totally destroyed, he at least makes a prima facie case justifying the court to treat the property as not personal, therefore bringing his case within the terms of the article of the statute quoted.

There was no error in the ruling of the trial court complained of in appellant's fourth assignment. The assignment is not presented in accordance with the rules. There is what purports to be a proposition under it, but it is not a proposition, it is merely a statement as to what appears to be the testimony of the witnesses and extracts from the policy. But, if we were inclined to consider it, no error is shown, because it appears from the statement made that the appellant contends that the agreement contained in the policy which it expected to prove was not complied with, was a warranty. We have examined the policy carefully and we fail to find where the truth of the statement which it expects to disprove was warranted to be true.

We find no error in the record and the judgment is affirmed.

*Affirmed.*