JAMES et al. v. GOLSON. (No. 399.)†

(Court of Civil Appeals of Texas. El Paso. Feb. 25, 1915.)

1. APPEAL AND ERROR ☞263—EXCEPTIONS— REFUSAL OF SPECIAL INSTRUCTION.

Assignments of error to the general charge, complaining of the refusal of a special instruction, will be overruled where it does not appear that exceptions were taken as required by Acts 33d Leg. c. 59.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1523, 1525–1532; Dec. Dig. ☞263.]

2. HUSBAND AND WIFE ☞281—SEPARATION AGREEMENT—RECOVERY OF DAMAGES.

Where plaintiff and defendant, formerly husband and wife, entered into a separation agreement, confirmed by the court, whereby defendant agreed to convey certain property to plaintiff, and wherein it was provided that each party should have the custody of their children one-half the time, and where plaintiff subsequently breached the agreement by removing the children from the state, she could not thereafter recover damages from defendant for breach of his agreement by conveying the wrong land to her.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 573; Dec. Dig. ☞281.]

Error from District Court, Culberson County; Dan M. Jackson, Judge.

Action by Mrs. Myrtle B. James and husband against G. A. Golson. Judgment for defendant, and plaintiffs bring error. Affirmed.

See, also, 165 S. W. 896.

Hudspeth, Dale & McDonald, of El Paso, for plaintiffs in error. Joe Irby, of Van Horn, and R. M. Reed, of El Paso, for defendant in error.

HIGGINS, J. Myrtle B. James sued Golson, to recover damages alleged to have arisen and to have been sustained through the conveyance by Golson to Mrs. James of 5.83 acres of land out of the northwesterly corner of a certain section of public free school land. Golson and Mrs. James had been husband and wife, and some years previously had separated and had entered into a separation contract, whereby Golson agreed to convey to her certain property, a portion thereof being the above-mentioned 5.83-acre tract, and in said contract it was agreed that the mother should have custody of the children for one half of the time and the father the other half. Subsequently, the property was conveyed by Golson to the plaintiff in accordance with the terms of the separation contract and the parties were subsequently divorced by decree of court. The court's decree provided that each of the parties should have the custody of the children for 12 months at a time. The decree does not appear to have made any disposition of the property rights of the parties. Thereafter Mrs. James removed the children from the state and breached the contract relative to their custody, denying Golson the right to the custody of the children, and, they being beyond the jurisdiction of the court, he was unable to secure them. The agreement upon the part of Mrs. James that Golson might have the custody of the children one-half of the time was a material part of the consideration, inducing the agreement to convey said property to her and the subsequent conveyance thereof. Mrs. James, in her petition, alleged: That on said tract of land were located valuable wells, together with windmills, etc., together with an earthen tank containing water supplied from said wells. That she became the owner of said property by virtue of a separation deed dated May 25, 1910, executed by defendant in error and delivered to her, whereby it was intended that she should be conveyed a tract of land connected with other lands belonging to her, on which said wells, windmills, and tanks were situated; that by mutual mistake the field notes contained in said deed did not correctly describe the property in-

tended to be conveyed, and thereafter by re-survey said field notes were shown to be incorrect and incomplete, and after such re-survey defendant in error sold said premises, together with improvements thereon to one Arledge, who was a purchaser in good faith for value without notice of said plaintiff's claim to said tract of land, as well as the wells, windmills, tanks, etc., situated thereon. It is further pleaded that the plaintiffs were damaged, especially for the reason the lands adjacent to said land are without water, and that the deed from defendant in error, conveying same to Mrs. James, was received by her on condition that she should also have said wells, tanks, etc., and alleging a further damage in the loss of said wells and other property described. In addition to a general denial, Golson answered, pleading the contract entered into by and between Mrs. James and himself, known as the separation .agreement made at or about the time they separated as husband and wife and prior to the time they had been divorced, and alleged that same was a continuous contract, the performance of which would extend over a number of years, and set up that portion of the contract which provided that Mrs. James and himself should each have control and custody of the children one-half of the time, and that this portion of the contract had been breached by her, and by reason thereof she was barred from the recovery of any damages arising out of the conveyance by him to Arledge of said land, upon which the wells, tanks, etc., were situated. The court instructed the jury:

"If you find that the plaintiff Mrs. Myrtle B. James, and defendant, on or about the 27th day of February, 1909, entered into a separation agreement whereby the custody of their said children was to be governed and controlled, and if you further find that on the 14th day of December, 1912, the date of the sale of said tract of land to G. W. Arledge, said agreement as to the custody and care of said children was still in force and effect, and if you find that said plaintiff, Mrs. Myrtle B. James, had breached said agreement prior to the execution of said deed, then you will find for the defendant."

Verdict was returned and judgment rendered in favor of Golson.

[1] Certain assignments complain of the general charge of the court and the refusal of a special instruction. The record fails to disclose that exceptions were taken, as is required by chapter 59, Acts 33d Leg., for which reason these assignments are overruled.

[2] The fifth assignment reads:

"Because the verdict of the jury is contrary to the law and evidence in this: That all the evidence showed that the intention of the contracting parties was that plaintiff Mrs. Myrtle B. James should have received, by that certain deed conveying 5.83 acres of land, the wells and other improvements, situated near the northwest corner of section 43, block 53, public school land, Culberson county, Tex., and that, such being the intention of the parties, she acquired a good title thereto as between herself

and the defendant, and that when he sold said tract of land, together with said improvements, to G. W. Arledge, he deprived her of the value of said property, and she was entitled to such damages as the evidence showed she sustained by virtue of the loss of said property, and the original separation agreement entered into by and between said parties on February 27, 1909, not being a continuing agreement as respects the care and custody of their said children, same having been abrogated and replaced by a decree of the district court of Reeves county, Tex., and said deed having been executed for and upon other and different considerations, the plaintiffs were entitled to some damages, and the failure on the part of the jury to return a verdict in their favor is not supported by the great weight of the evidence, and is contrary to the evidence, and all the evidence, in the case."

It will be seen from the facts recited that the separation agreement was not abrogated by the court's decree, but upon the contrary, it was recognized and confirmed. It expressly recognized the right of each of the parties to the custody of the children. The defendant's right to partial control and custody of the children was a material part, if not the whole consideration for the lands conveyed. That it was a continuing right in Golson, and a continuing obligation upon Mrs. James' part to observe it, there can be no doubt. The agreement, confirmed by the court, meant that the parties were to have alternate possession of the children for periods of 12 months, until they became of age. Plaintiff, having breached the agreement by removing the children from the state, where the court's decree could not be enforced, thereby precluded herself from recovering damages for the loss of the particular 5.83 acres containing the improvements. A verdict might properly have been instructed for defendant.

Affirmed.

