FIDELITY–PHŒNIX FIRE INS. CO. v.
O'BANNON. (No. 1468.)

(Court of Civil Appeals of Texas. Texarkana.
June 25, 1915. On Motion of Plaintiff in
Error, for a Rehearing, June 10, 1915. Further Rehearing Denied July 1, 1915.)

1. APPEAL AND ERROR ⬤⟞511—BILLS OF EXCEPTIONS—RECORD.

Assignments of error to rulings on testimony, shown, as recited therein, by certain bills of exceptions, cannot be considered; such bills of exceptions not being in the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2319–2321; Dec. Dig. ⬤⟞ 511.]

On Motion of Plaintiff in Error for a Rehearing.

2. APPEAL AND ERROR ⬤⟞2—QUESTIONS REVIEWABLE—RULINGS ON INSTRUCTIONS—EXCEPTIONS.

Noncompliance of a party with Rev. St. 1911, arts. 1971, 2061, as amended by Acts 33d Leg. c. 59, § 3 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1971, 2061), as to exceptions, does not affect his right to review of rulings on requested instructions; the trial having been before the act went into effect.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3–7, 1882, 2421; Dec. Dig. ⬤⟞2.]

3. INSURANCE ⬤⟞282—FORFEITURE—TITLE OR INTEREST OF INSURED.

Provision of a policy on a dwelling that it shall be void if the interest of insured be other

than unconditional and sole ownership, or if the building be on ground not owned by insured in fee simple, refers to the date of its issuance, and not to subsequent changes.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 601–635; Dec. Dig. ☞282.]

4. INSURANCE ☞328—FORFEITURE—CHANGE IN INTEREST OR TITLE.

The provision of a policy on a dwelling that it shall be void if any change takes place in the interest or title of the dwelling applies to a change of interest, giving insured a greater temptation to destroy the building, and so not where he sells the land, retaining title to the building, with right to remove in a certain time, half of the purchase price not to be paid till the removal.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 794–822, 825; Dec. Dig. ☞328.]

5. INSURANCE ☞500—VALUED POLICY—"PERSONAL PROPERTY."

"Personal property," in the proviso to Vernon's Sayles' Ann. Civ. St. 1914, art. 4874, declaring a fire policy, in case of total loss, a liquidated demand for its full amount, provided, this shall not apply to personal property, is used in its general sense of that which may be carried about with the person, having reference to the real character of the property, and not in its technical legal sense, having reference to the title by which it is held, and so does not apply to a dwelling which one owns on the land of another, with right of removal.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1275, 1276; Dec. Dig. ☞500.]

For other definitions, see Words and Phrases, First and Second Series, Personal Property.]

Error to Grayson County Court; J. Q. Adamson, Judge.

Action by R. A. O'Bannon against the Fidelity-Phœnix Fire Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Wm. Thompson, of Dallas, and John S. Patterson, of Austin, for plaintiff in error. Jones & Hassell, of Sherman, for defendant in error.

WILLSON, C. J. Defendant in error owned certain land in the city of Sherman. He also owned a frame dwelling house situated on the land. December 21, 1912, he sold and conveyed the land to the trustees of a school district. He did not sell the house, but, retaining ownership thereof, agreed to move it from the land before February 1, 1913. The house was destroyed by fire January 17, 1913, before it had been moved. At the time it was so destroyed it was insured in the sum of $700 against loss by fire, by a policy issued by plaintiff in error February 24, 1912. By the suit resulting in the judgment from which this appeal is prosecuted, defendant in error sought and was awarded a recovery on the policy of the sum stated.

In its first assignment plaintiff in error complains of the refusal by the court of its request in writing to instruct the jury to find in its favor; and in its second assignment it complains of the action of the court in peremptorily instructing the jury to find for defendant in error. Because of the failure of

plaintiff in error to comply with the requirements of articles 1971 and 2061, Vernon's Statutes, the assignments cannot be considered. Railway Co. v. Wilson, 176 S. W. 619, decided by this court April 15, 1915, not yet officially reported; Railway Co. v. Skeen, 174 S. W. 655; James v. Golson, 174 S. W. 688.

[1] In the third and fourth assignments complaint is made of the action of the court in sustaining objections to and excluding certain testimony, as shown, it is recited in the assignments, "in defendant's bill of exceptions No. 1" and its "bill of exceptions No. 2." The bills of exceptions referred to are not in the record sent to this court. Therefore we cannot undertake to determine whether the trial court erred as charged or not.

The judgment is affirmed.

### On Motion of Plaintiff in Error for a Rehearing.

[2] The error of this court, now confessed, in refusing, because of plaintiff in error's failure to comply with the requirements of articles 1971 and 2061, Revised Statutes, as amended by the act March 29, 1913 (General Laws, p. 113 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 1971 and 2061]), to consider the assignments in which complaint was made of the action of the court below in peremptorily instructing the jury to find for defendant in error, and in refusing to instruct them to find for plaintiff in error, was due to the failure of the writer to notice that the cause was tried June 11, 1913, whereas the act referred to did not take effect until July 1, 1913. On the examination then made of the record, however, we were of opinion the assignments, if considered, should be overruled, and we are yet of that opinion.

[3, 4] The contract covering the sale of the land, made in December, 1912, was between the trustees of the school district and defendant in error and his wife. The latter had "the right," it was recited, "to retain all buildings on the premises." The trustees were to pay $9,000 for the land—$4,500 when a deed conveying same was delivered to them, and $4,500 "upon the removal," it was further recited, "of said buildings from said premises, to do which they (defendant in error and his wife) shall have a reasonable time, but in no event to be longer than the 1st day of February, 1913."

It is insisted in propositions under the assignments referred to that because defendant in error did not own the land at the time the house thereon was destroyed by fire, and because the effect, as plaintiff in error asserts is true, of the limitation as to time in which the house was to be removed was to make defendant in error's ownership thereof conditional instead of unconditional, the policy "ceased as a contract" by force of stipulations in it as follows:

"This entire policy * * * shall be void * * * if the interest of the insured be other

than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple; * * * or if any change, other than by the death of an insured, takes place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard), whether by legal process or judgment or by voluntary act of the insured, or otherwise."

The contentions are like those made in Insurance Co. of North America v. O'Bannon, 170 S. W. 1055, where defendant in error recovered judgment on another policy covering the same property and containing similar stipulations. The Court of Civil Appeals for the Fifth District held that the stipulation that the policy should be void "if the interest of the insured be other than unconditional and sole ownership," and the stipulation that it should be void "if the subject of insurance be a building on ground not owned by the insured in fee simple," referred "to the ownership of the property at the date of the issuance of the policy, and not to subsequent changes in the title or ownership." On facts which appear to have been identically the same as those in this case that court further held, with reference to the other stipulation set out above, that while the title of defendant in error to the dwelling house may have been conditional on his removing it within the time fixed, and he may have had no title thereto after such time, "yet," quoting from the syllabus, "on the facts, there was no forfeiture, since the object of such provision was to avoid the policy upon any change of interest giving insured a greater temptation to destroy it or less interest and watchfulness in protecting it, and the change, if any, in his interest or title was not of such a character, and since the provision as to the payment of the balance on removal left him the owner whether it was removed by him or by the grantee, and merely guaranteed removal within the time fixed or reimbursement to the grantee for any expense of delay in removal."

We think the rulings made in the case referred to are correct. Therefore, the facts here being the same as they were there, the contentions of plaintiff in error, specified above, are overruled.

[5] In support of another proposition under the assignments, plaintiff in error insists that the house ceased to be real and became personal property when defendant in error, reserving in himself the title thereto, sold the land, notwithstanding the fact that defendant in error and his family then, and when the fire occurred, occupied it as their home, and further insists (although the house was totally destroyed by fire) that the policy therefore was not a liquidated demand for the full amount thereof, within the meaning of article 4874, Vernon's Statutes, and that the judgment was unauthorized because the value of the house was not shown by any of the testimony admitted by the court.

The article of the statutes referred to is as follows:

"A fire insurance policy, in case of a total loss by fire of property insured, shall be held and considered to be a liquidated demand against the company for the full amount of such policy: Provided, the provisions of this article shall not apply to personal property."

The Court of Civil Appeals had occasion to construe the statute in Orient Insurance Co. v. Parlin & Orendorff Co., 14 Tex. Civ. App. 512, 38 S. W. 60. The property covered by the policy sued upon in that case was a house constructed by the plaintiffs on land they had leased from the owner thereof for a term of five years. It was understood between the lessor and the lessees before and at the time the house was constructed that same should be and remain the property of the latter, and that they might remove it from the land. The insurance company insisted that the house was personal property, and therefore was within the proviso in the statute. The trial court overruled the contention. The Court of Civil Appeals in affirming the judgment, after discussing the purpose of the statute at some length, said:

"It is insisted here that the house was personal property, and is excluded by the terms of the statute. 'Personal', in its general sense, means simply 'movable,' 'transitory'; 'personal property' that which may be carried about with the person. It has reference to the real character of the property, and not to the title by which it is held. In this sense, a dwelling house is not embraced within the meaning of the term 'personal property.' To give the statutory term its general signification, the object of the statute will be accomplished; to give its technical legal sense, the evil intended to be remedied will in part still prevail, and without any good reason to support it. We are of opinion that the statute should be construed to embrace houses, without reference to the question of the fee-simple title to the land."

We are of the same opinion, and overrule plaintiff in error's contention. As we view the record, the judgment is not erroneous. Therefore the motion is denied.