MILLS et al. v. SCOTT et al.

(Circuit Court, S. D. Georgia, S. D. June 28, 1890.)

1. INJUNCTION—JUDGMENT—APPEARANCE BY ATTORNEY.

A judgment against a defendant who was never served with process, and whose appearance in the action was entered by an attorney without his knowledge or consent, may be enjoined, though such defendant does not show that he has any defense to the claim sued on.

2. SAME—EQUITY PLEADING—AMENDMENT.

Where a bill to enjoin such judgment alleges that said defendant was not legally served with process, and that he never appeared in the action, either in person or by attorney, an amendment thereto alleging that said defendant never acknowledged service of process in said action, either in person or by attorney, and that the acknowledgment of service which had been made by an attorney was made without his authority, does not change the character of the bill.

3. SAME—PRESUMPTION.

Where such amendment is proposed and allowed at the hearing in open court, in the presence of both parties, it will be presumed that it was made upon sufficient evidence, and not for the purpose of vexation or delay.

4. TRUSTS—VALIDITY AS AGAINST CREDITORS.

Where a trustee, who has in his possession money belonging to the trust fund, buys land, and takes title in his own name, but declares at the time that he buys the land with the trust funds, and afterwards records a written declaration of trust before the levy of any execution on such land, such declaration of trust is valid as against the trustee's creditors.

In Equity.
*Chisholm & Erwin*, for complainants.
*James Atkins*, for defendants.

PARDEE, J. This is a suit commenced August 18, 1877, seeking to enjoin a judgment rendered January 6, 1877, in an action at law that had been instituted in this court in the name of John O. Ferroll, ordinary of Chatham county, Ga., for the use of Levi H. B. Scott, against Thomas R. Mills, Jr., as principal, and Thomas R. Mills, Sr., as security, on the bond of said principal, as the administrator of the estate of one George Hall, deceased. The original bill sets forth that certain lands in

Spalding county, Ga., which the marshal had at that time levied on and advertised for sale as the property of Thomas R. Mills, Sr., one of the defendants in said judgment, to satisfy the execution issued thereon, are not, and never were, the property of said Thomas R. Mills, Sr., in his own right, but were, in fact, purchased by him with trust funds belonging to his two sons, John B. and James M. Mills, having come into his hands as their trustee from the estates of two deceased persons by the name of John B. Tufts and Louisiana Tufts, and that, therefore, said lots of land were in reality, though in his own name, held by him in trust for his two sons, John B. and James M. Mills; that on January 30, 1877, prior to the levy in this case, and before any lien had attached by reason of said judgment, said Thomas R. Mills, Sr., had, by deed duly executed and recorded in the proper county, declared the said trust; that the said property was purchased by him with trust funds belonging to said John B. and James M. Mills, and was held by him solely as their trustee, and contracting to convey to said John B. and James M. Mills whenever demanded. Said bill further sets forth that said judgment at law against Thomas R. Mills, Sr., is utterly null and void, and no writ of *fieri facias* can legally issue thereon, because at the time the said suit was begun which culminated in said judgment, and for two years prior to that time, and all during the progress of said suit and since, the said Thomas R. Mills, Sr., was, had been, and is a resident of the northern district of Georgia, and therefore could not be sued in said southern district, unless found therein, and service of the writ effected upon him personally; that no such service was so effected upon him, and no legal service was effected upon him at any time of said writ; and that said Thomas R. Mills, Sr., never in any way, either in person or by attorney, appeared in said court to answer said writ, nor did he, either in person or by attorney, plead to the same, or take any notice thereof; and, further, that he did not know of any such proceedings in said court. A temporary injunction was granted August 20, 1877. Afterwards one of the defendants filed his answer to said bill. Still later on one of the complainants, Thomas R. Mills, Sr., died; so also did Amos T. Akerman, one of the defendants. Another of the defendants, W. H. Smythe, United States marshal making the levy, went out of office. At a still later time the case was dropped from the docket or dismissed by mistake, but was afterwards reinstated, and the heirs of Thomas R. Mills, Sr., were, after his death, made parties in his stead by proper bill of revivor. Thereafter the pleadings were perfected to issue joined, and the case came on for hearing. Afterwards, at a hearing commenced January 23, 1888, the defendants objected to the reading of the answers to interrogatories of Thomas R. Mills, Jr., wherein he testifies about the acknowledgment of service indorsed upon the writ in the said action at law, and they moved to exclude them as evidence in the case for lack of allegations in the bill suitable to let them in, and defendants' said motion to exclude said answers to interrogatories appears to have been sustained. Thereupon the complainants moved to amend their bill by inserting at the proper place as follows:

"That Thomas R. Mills, Sr., never appeared in said suit either in person or by attorney; that he never acknowledged service of the said suit either in person or by attorney; that the acknowledgment of service, which appears indorsed on the declaration in said action of debt on bond, was made without, any authority from said Thomas R. Mills, Sr.; that he never ratified the act of Thomas R. Mills, Jr., and never knew anything about it, and about the said action of debt on bond, until the marshal levied the *fi. fa.* sought to be enjoined."

The defendants objected to the amendment on the ground that, after issue joined and under the circumstances, it should not be allowed. The court allowed the complainants to file their proposed amendment, subject, however, to the defendants' rights to be heard, before the trial should proceed in opposition thereto. At this state of the case the further hearing was suspended, and the cause continued for the term. The case has now been fully heard, and is submitted upon all the questions of the case.

The *first* point to be decided is with regard to the amendment allowed by the court in January, 1888. It appears that when the suit at law was commenced against Thomas R. Mills, Jr., and Thomas R. Mills, Sr., personal service was made upon Thomas R. Mills, Jr., who at the same time indorsed upon the writ the words and figures following, to-wit: "Service of the within acknowledged, and copy waived, this 1st of March, 1876;" signed, "THOMAS R. MILLS. Per T. R. MILLS, Jr., Atty at Law." It appears, further, that said Thomas R. Mills, Jr., was an attorney at law, residing at the place where the court was held, and that he was the son of Thomas R. Mills, Sr.; but the evidence clearly establishes that he was not authorized by Thomas R. Mills, Sr., to represent him in any way in said case, to accept service for him of any writ, or to enter any appearance for the said Thomas R. Mills, Sr., in said cause. The objections now made to the said amendment are that there has been no compliance with equity rule 29, and, further, that the amendment changes the character of the bill by shifting the ground for the relief of Thomas R. Mills, Sr. I do not think that either of these objections are good. Equity rule 29 prohibits amendments after replication filed, except upon a special order of a judge, upon motion or petition, after due notice to the other party, and upon proof by affidavit that same is not made for the purpose of vexation or delay, or that the matter of the proposed amendment is material, and could not, with reasonable diligence, be sooner introduced in the bill. The amendment in this case was proposed and allowed in open court in the presence of the parties, and, it is to be presumed, upon sufficient evidence that it was not made for the purpose of vexation or delay, etc. It seemed to be, under the ruling of the court, a proper amendment in order to do justice in the case pending. I do not see how it shifts the ground for the relief of the complainant Thomas R. Mills, Sr. His bill attacks this judgment as absolutely null and void. He states sufficient in his bill to so declare it, if sustained by evidence. The amendment attacks the judgment as null and void. The additional grounds set forth therein are in line with, and, properly speaking, are only a complement to, the case

made in the original bill. It does not appear in any way that the defendants have been surprised or vexed or injured by the allowance of the amendment.

*Second.* The proof in the case clearly establishes that the acceptance of service by Thomas R. Mills, Jr., of process against Thomas R. Mills, Sr., was wholly unauthorized, and was never ratified. It is not contended that otherwise than as by said acceptance of service was Thomas R. Mills, Sr., bound by the proceedings in the court. The judgment, therefore, as against Thomas R. Mills, Sr., was a nullity, because the court never acquired jurisdiction of him, and he never had his day in court. It is not necessary to go over and consider the conflicting authorities with regard to the effect of an unauthorized appearance in the case by one of the regular attorneys of the court. If we concede that this acceptance of service amounted to an appearance on the part of Thomas R. Mills, Jr., as an attorney for Thomas R. Mills, Sr., which is doubtful, then on the authority of *Shelton* v. *Tiffin,* 6 How. 163, still Thomas R. Mills, Sr., was not bound. "This evidence does not contradict the record, but explains it. The appearance was the act of the counsel, and not the act of the court. Had the entry been that L. P. Perry came personally into court, and waived process, it could not have been controverted; but the appearance by counsel, who had no authority to waive process, or to defend the suit for L. P. Perry, may be explained. An appearance by counsel under such circumstances, to the prejudice of a party, subjects the counsel to damages, but this would not sufficiently protect the rights of the defendant. He is not bound by the proceedings, and there is no other principle which can afford him adequate protection. The judgment, therefore, against L. P. Perry must be considered a nullity, and consequently did not authorize the seizure and sale of his property." See *Shelton* v. *Tiffin, supra.*

It was contended in the argument that whether the judgment was binding or not upon Thomas R. Mills, Sr., he could have no relief in a court of equity to enjoin the execution of the judgment until he set forth in his bill that he had or has some defense to the claim made in the action at law against him. The authorities cited in support of this proposition, so far as I have examined them, are all cases in which there was an undisputed appearance by the party, or else such notice taken of the suit as rendered the judgment not void, although perhaps voidable. It seems to me that, where a court at law has been led into the error of rendering a judgment against a party over whom the court had no jurisdiction, such error or mistake presents sufficient equity for the interference of a court of chancery for the purpose of preventing the forced sale of property for the satisfaction of such void judgment.

*Third.* The evidence shows that Thomas R. Mills, Sr., was the trustee of John B. Mills and James M. Mills; that as such trustee he had possession of large sums of money belonging to his said wards. Whether he kept it separate and distinct from his own property does not appear, but it does appear that prior to the institution of the suit against him on the bond of his son, administrator as aforesaid, he invested certain funds

in the lands in controversy, declaring at the time that he was purchasing with trust funds, and for his said wards, taking the title in his own name, to hold until said wards should arrive at majority. It further appears that before the levy of the execution issued on the said judgment at law, by proper deed, he declared the said trust, and that the said lands in controversy had been purchased with trust funds as a part of the trust-estate, and belonged, in fact, to the *cestuis que trustent*. This declaration of trust, regularly witnessed, acknowledged, and recorded, established and fixed the property as trust property, even if it was not, in fact, a conveyance of the property. It is contended by the defendants in this case that said deed was fraudulent, as made without consideration, and the declarations therein not true in fact; but this defense is not sustained. There can be no doubt under the evidence that at the time of the declaration of trust the said Thomas R. Mills, Sr., was indebted to his said wards for a sum of money exceeding largely the value of the lands declared to be trust property. He had the right, even if it was not his duty, to pay or secure the said indebtedness; and to accomplish such result he had the right to convey, in satisfaction of or to secure such claim, any property that he possessed; and the giving in payment or a declaration of trust, under such circumstances, cannot be declared fraudulent in a court of equity. It seems to me to be clear that the complainants' bill should be maintained, and the injunction herein issued be perpetuated. A decree to that effect will be entered.