FARM BUREAU MUTUAL INS. CO. OF ARK., INC. *v.* BARNES.

5-1345 305 S. W. 2d 673

Opinion delivered October 14, 1957.

*Shaver, Tackett & Jones,* for appellant.

*Dennis K. Williams* and *Van Johnson,* for appellee.

GEORGE ROSE SMITH, J. This is an action on a fire insurance policy by which the appellant insured the appellee's house and barn for $1,500. Upon the total destruction of the buildings by fire the policyholder contended that under the valued policy law the insurer was liable for the full amount of the policy without regard to the actual value of the property. Ark. Stats. 1947, § 66-515. In denying complete liability the insurer asserts that the buildings had become personal property by constructive severance from the soil and were therefore not within the scope of the statute in question, which provides that it shall not apply to personal property. The trial court rejected this defense and entered judgment for the plaintiff in the amount of the policy, together with the statutory penalty and an attorney's fee of $300.

The facts are not in dispute. In May of 1956 the house and barn were owned by Mrs. W. S. Dake and were situated on land belonging to Mrs. Dake's children. Barnes, who owned other land in the vicinity, bought the buildings from Mrs. Dake for $100, with the understanding that he would have thirty days in which to attempt to purchase the interest of Mrs. Dake's children and, failing that, an additional thirty days in which to move the structures to his own property. Two days later Barnes insured the buildings with the appellant, whose agent inspected the property and suggested that the house be insured for $1,000 and the barn for $500. The agent was told that Barnes did not own the land and that the house and barn might be moved. When the buildings burned some ten days later they were still on the Dake land, Barnes not having acquired title thereto.

It is true, of course, that as between Barnes and the Dakes the insured property had been constructively severed from the soil and had become personalty. *Soule* v. *First Nat. Bk. of Ft. Smith,* 202 Ark. 326, 150 S. W. 2d

204. It does not follow, however, that the buildings must necessarily be treated as personalty for every other purpose known to the law. We have held, for example, that constructively severed timber may still be assessed as land by an improvement district. *Lewis* v. *Delinquent Lands,* 182 Ark. 838, 33 S. W. 2d 379. Here, as in the *Lewis* case, the problem is one of statutory construction.

The legislature undoubtedly had a reason for excluding personal property from the operation of the valued policy law. Why was the distinction made? A sensible and convincing answer to this question was given in *Orient Ins. Co.* v. *Parlin & Orendorff Co.,* 14 Tex. Civ. App. 512, 38 S. W. 60, where the court was considering substantially the same issue that is now before us. It was pointed out that the legislature was seeking to prevent insurance companies from collecting premiums on a high valuation while paying losses on a low valuation. The court reasoned that the valued policy law was limited to real property because that type of property is of a permanent nature, is readily open to inspection, and is susceptible of a reasonably accurate valuation by the insurer. On the other hand personal property, such as a stock of merchandise, often varies in quantity and in value and may be so scattered and so packaged that the prospective insurer cannot determine its worth by inspection. The court concluded that the statutory exclusion of personal property "has reference to the real character of the property, and not to the title by which it is held. In this sense a dwelling house is not embraced within the meaning of the term 'personal property.' To give the statutory term its general signification, the object of the statute will be accomplished; to give its technical legal sense, the evil intended to be remedied will, in part, still prevail, and without any good reason to support it."

The view expressed by the Texas court has been adhered to in that state and was adopted in *Calnon* v. *Fidelity-Phenix Fire Ins. Co.,* 114 Neb. 194, 206 N. W. 765, and in *Buffalo Ins. Co.* v. *Bommarito,* 8th Cir., 42 F. 2d 53. The opposite position was taken in Missouri, where it is held that a building constructively severed from the land

becomes personal property within the meaning of the valued policy law. *Millis* v. *Scottish Union & Nat. Ins. Co.*, 95 Mo. App. 211, 68 S. W. 1066. We are convinced that the majority view correctly interprets the legislative intent and should be followed in the case at bar.

Affirmed, the appellee's attorneys to receive a fee of $100 for their services in this court.