752

5-3594                                                394 S. W. 2d 131

Opinion delivered October 4, 1965.

*Trantham & Knauts,* By: *C. W. Knauts,* for appellant.

*Gus R. Camp,* for appellee.

CARLETON HARRIS, Chief Justice. Appellee, R. E. Keene, a resident of Clarkton, Missouri, instituted suit against Lloyd Russell, appellant herein, a resident of Clay County, Arkansas, for the sum of $1,600.00 plus interest, alleging that appellant had threshed thirty-four acres of lespedeza, belonging to appellee, and had converted the seed to his own use. This suit was based upon the fact that Keene had allegedly entered into an oral agreement with the City Council of Gideon, Missouri, on November 10, 1960, to the effect that he (Keene) would keep clean the waste land adjacent to and adjoining the runways of the Gideon Municipal Airport. Keene agreed to mow and cut off briars and weeds, and, in return, was given the privilege of using the land for hay operations. According to appellee's evidence, this contract was to be reduced to writing by the City Attorney, and the parties would then execute the written agreement. However, the testimony reflects that the City Attorney subsequently died, and no written contract was ever prepared. Following the oral agreement, appellee

entered into possession, and thereafter, according to his testimony, maintained his part of the agreement for 1960, 1961, 1962, 1963, and on into 1964. Russell, according to evidence, obtained permission from a member of the City Council in 1963 to perform the same service (stating that the airport property was not being kept clean), and thereupon cut the lespedeza and stored the seed. Keene demanded the seed, or the value thereof, and upon refusal, instituted the instant suit.

Russell filed an answer denying allegations, and specially pleaded the Missouri statute of frauds, which requires all contracts entered into by a city (along with some other political subdivisions) to be in writing. On trial, the jury returned a verdict for Keene in the amount of $600.00, and from the judgment so entered, appellant brings this appeal.

The amount of the judgment is not here in issue, though the parties disagreed as to the value of the seed. Likewise, though appellant offered evidence that no oral agreement was entered into between Keene and the City Council of Gideon,[1] the jury found otherwise, and that question is not really at issue on this appeal. The answer to this litigation depends upon the effect of the Missouri statute of frauds upon the oral agreement.

Section 432.070, Volume 3, of the Missouri Revised Statutes for 1959 provides:

"No county, city, town, village, school township, school district or other municipal corporation shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made upon a consideration wholly to be performed or executed subsequent to the making of the

---

[1] W. H. Lunbeck, who was Mayor of Gideon in 1960, corroborated appellee's testimony that the city had entered into the verbal agreement with Keene, and Lunbeck stated that the vote of the council had been unanimous. Tom Bradshaw, present Mayor of Gideon (having defeated Lunbeck at the last election), and member of the council in 1960, testified that no agreement was entered into with Keene. Bradshaw testified that he gave Russell (who owns the funeral home in Gideon) permission to mow the airport property, after telephoning and calling upon two of his fellow aldermen, and obtaining their approval.

contract; and such contract, including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing.''

The Missouri Supreme Court has held in several cases that the provisions of the section are mandatory, rather than directory, and that such a contract, not in writing, is void. Russell therefore vigorously argues that, since any agreement between Keene and the City of Gideon was void, appellee has no standing in court. The cases, heavily relied upon by appellant, involve situations where an individual was endeavoring to enforce an oral contract with the city. We very quickly agree with appellant that Keene could not enforce his agreement against the City of Gideon, but it does not follow that Russell is entitled to the benefits of the Missouri statute here under discussion.

Under the general rule, the defense of the statute of frauds is not available to strangers to the agreement. In 49 Am. Jur., Section 589, Page 896, we find:

''The defense of the statute of frauds is a personal one available only to a party to the contract to which the statute is alleged to apply and his representatives and privies. * * *

''As has been said, it does not rest with a stranger to say that the parties to the oral agreement will not abide by the same regardless of the statute; it is for the party himself (or his privy) to decide whether he shall avail himself of the defense. If he feels that he should discharge the moral obligation although he may have a perfect legal defense, no stranger or third party not privy to the contract can complain. *This rule applies even under statutes which provide that such agreements are void unless reduced to writing and signed by the party charged.*''[2]

Further, in Section 590, Page 898:

---

[2] Emphasis supplied.

"Tort-feasors and fraudulent intermeddlers will not be permitted to use the statute of frauds as a defense to a wrongful act or as a means of consummating a fraudulent design. Under this rule, one who inflicts injury upon land in the possession of another under an oral contract of purchase, or who wrongfully seizes or retains goods claimed by another under an oral contract unenforceable against the previous owner on account of the statute, or who commits other such tortious acts, cannot defend upon the ground that the plaintiff's right or interest exists only by virtue of a contract unenforceable under the statute of frauds, where the other party to the contract has not rescinded or repudiated the contract upon the ground that it is not binding upon him."

Missouri holdings are in accord with this general statement of the law. In *Bauer* v. *White,* 29 S. W. 2d 176, the Kansas City Court of Appeals said:

"The statute of frauds is inapplicable for it is well established that if both parties to a contract waive the requirements of the statute and carry the contract into execution, a third person cannot be heard to question its effect.

See also *Doerflinger Realty Company* v. *Fields,* 281 S. W. 2d 609. These cases do not relate to contracts with cities, but we see no reason why the same standard, herein discussed, which seems to be the rule throughout the various jurisdictions, would not apply.

We have reached the conclusion that this primary defense, urged by Russell, is available only to the City of Gideon, and appellant, being a stranger to the agreement, is in no position to say that the parties to the agreement cannot abide by same, regardless of the statute of frauds. Other allegations of error have been examined, and found to be without merit.

**Affirmed.**