Johnie C. MURPHY et ux., Appellants,

v.

William J. JOHNSON et al., Appellees.

No. 15409.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

March 27, 1969.

Elliott & Elliott, Loran L. Elliott, Houston, for appellants.

Schlanger, Cook & Cohn, Joel W. Cook, Houston, for appellees.

COLEMAN, Justice.

Appellees William J. Johnson and his wife, Doris Ann Johnson, instituted this suit to remove the cloud on their title to certain real estate caused by the abstracting of a judgment in favor of appellants against John Chesser and a sheriff's deed to appellants based on said judgment. Appellees had conveyed title to the land to John Chesser and his wife, Ann Chesser, their daughter, under an oral agreement to reconvey. Appellants filed a counterclaim to the property. Trial was to a jury. The trial court sustained appellees' motion to disregard certain issues and rendered judgment based on the verdict.

In answer to special issues the jury found that prior to the delivery of the deed dated October 12, 1961 from the Johnsons to the Chessers, it was agreed by all of said parties that the land described in such deed should be placed in the name of Chesser and wife to enable Chesser to obtain a loan and that after they repaid the loan the property would be conveyed back to Johnson and wife. The jury found that the property was not deeded to the Chessers as a gift. The judgment was rendered on the basis of these issues. The trial court found the other issues to be immaterial or not supported by competent evidence.

Prior to October 12, 1961, John Chesser desired to purchase an automobile body shop from Murphy. The Chessers went to the Johnsons, his wife's parents, and asked them to deed a forty acre tract of land owned by the Johnsons to the Chessers. Both Mr. and Mrs. Johnson were deaf and could not speak. They communicated with their daughter by sign language. They could read and write. It was understood by all parties that the Chessers would mortgage the land to secure money for a down payment on the business. They agreed to reconvey the land to the Johnsons after they had repaid the loan. The Johnsons executed a general warranty deed conveying title to the land to the Chessers. The loan was secured and the business purchased from the Murphys. The loan was subsequently repaid and the lien placed on the land as security discharged.

In connection with the purchase of the business Mr. and Mrs. Chesser signed notes for the balance of the purchase price. The business did not prosper and the notes were not paid as agreed. Murphy brought suit against Mr. and Mrs. Chesser for his debt. On March 23, 1964, a deed executed by John Delano Chesser purporting to convey the property in question to Faye Ann Chesser as part of a community property settlement, and dated March 20, 1964, was filed for record. At this time Mr. Chesser owed money to the Murphys and to others. He did not have assets sufficient to discharge his debts. On March 23, 1964, a judgment was rendered against John

Chesser and wife, Ann Chesser, in favor of the Murphys. On March 30, 1964, the Chessers were divorced. On April 13, 1964, an abstract of the judgment of March 23, 1964, was filed and recorded. This judgment was reversed as to Ann Chesser by judgment of the Court of Civil Appeals on January 14, 1965. However, prior to the disposition of the appeal, a writ of execution was issued and, on May 6, 1964, was levied by the Sheriff of Harris County, Texas, on "any and all right, title, interest, and claim which the said John Chesser and wife, Ann Chesser, jointly and severally, had of, in or to" the real estate in question. Prior to the sale of the land, scheduled for June 2, 1964, Faye Ann Chesser, by an instrument dated May 29, 1964, purported to convey the land back to William J. Johnson and wife, Doris Ann Johnson. This deed was filed for record on May 29, 1964. On June 2, 1964, the Sheriff of Harris County sold the property in question, by virtue of the writ of execution levied on the land on May 6, 1964, to the Murphys, and issued them a deed to the property, which was recorded June 4, 1964.

The Texas Trust Act, Art. 7425b–7, Vernon's Ann.Tex.Civ.St., provides that an express trust in relation to or consisting of real property shall be invalid, unless created, established, or declared by a written instrument subscribed by the trustor, or his duly authorized agent, or by any other instrument under which the trustee claims the estate affected.

Appellants contend that the judgment of the trial court enforces an oral express trust in violation of this article. They contend that appellees failed to establish a resulting or constructive trust; that the deed from John Delano Chesser to Faye Ann Chesser was void as to appellants because they were prior creditors; that the deed from Faye Ann Chesser to William J. Johnson and wife was void as to appellants because they were prior creditors of John D. Chesser and the land was the community property of John D. and Faye Ann Chesser; that the trial court erred in rendering judgment for appellees because appellants owned a valid lien on the property superior to the claim of appellees, and because the sheriff's deed was valid and should have been sustained.

The Supreme Court of Texas in the case of Omohundro v. Matthews, 161 Tex. 367, 341 S.W.2d 401 (1960), determined that a constructive trust may be imposed to prevent unjust enrichment of one in a confidential relationship even though such person refuses to perform an unenforceable express trust. The Court said: " * * The courts, so doing, will not be enforcing an oral contract but will be enforcing a constructive trust based upon the violation of a fiduciary duty and to prevent unjust enrichment."

In reaching this conclusion the court quoted from Mills v. Gray, 147 Tex. 33, 210 S.W.2d 985 (1948), as follows: "* * * 'Under these principles [discussed in the opinion], if the purported agreement and family arrangement had been established as true, *a constructive trust would have arisen by reason of the confidential relation between the parties* which would not fall within the prohibition of the Statute of Frauds or the Texas Trust Act. The testimony was therefore erroneously excluded by the trial court.' 210 S.W.2d 988 and 989."

The Court then said: "The holding in Mills v. Gray is in accordance with the rules in other states. Most of them have provisions similar to § 7 of our Trust Act in § 7 of their Statute of Frauds." In a footnote the Court points out that Texas did not adopt § 7 of the Statute of Frauds and refers to § 7 of the Texas Trust Act as its equivalent.

No cases have been cited determining whether the provisions of § 7 of the Texas Trust Act declaring invalid a parol trust "in relation to, or consisting of " real property, can be invoked by a stranger to the agreement by which the parol trust was created. The wording of Section 7 of the Statute of Frauds declared such an

agreement "utterly void and of no effect." Omohundro v. Matthews, supra.

In 49 Am.Jur., Statute of Frauds, § 589, it is stated as a general rule that the defense of the statute of frauds is a personal one available only to a party to the contract to which the statute is alleged to apply and his representatives and privies. In this Section it is stated: "As has been said, it does not rest with a stranger to say that the parties to the oral agreement will not abide by the same regardless of the statute; it is for the party himself (or his privy) to decide whether he shall avail himself of the defense. If he feels that he should discharge the moral obligation although he may have a perfect legal defense, no stranger or third party not privy to the contract can complain. This rule applies even under statutes which provide that such agreements are void unless reduced to writing and signed by the party charged. It ordinarily prevents even creditors of a party to the contract from asserting the benefit of the contract."

Many cases may be cited in support of this text. Among the cases holding that a stranger to the oral agreement cannot complain if a party to the agreement wishes to discharge his moral obligation by performing where the state statutes provide that such agreements are void, are Russell v. Keene, 239 Ark. 752, 394 S.W.2d 131 (1965); Schuster v. Pennsylvania Turnpike Commission, 395 Pa. 441, 149 A.2d 447 (1959), and Laverents v. Gattis, 60 Wyo. 285, 150 P.2d 867 (1944).

Of particular interest because of close similarity on the facts are these cases: Hunt v. Drew, 122 Kan. 357, 252 P. 249 (1927); Liberty Trust Co. v. Hayes, 244 Mass. 251, 138 N.E. 582 (1923); Zuber v. Johnson, 108 Iowa 273, 79 N.W. 76 (1899); Mills v. Scott, 43 F. 452 (S.D.Ga.1890); Singer, Nimick & Co., Ltd. v. Carpenter, 125 Ill. 117, 17 N.E. 761 (1888).

■ While the Texas decisions concerning the Statute of Frauds may be distinguishable because of the failure to contain § 7, it has long been settled that in Texas the Statute of Frauds may not be invoked by a stranger to the contract. McManus v. Matthews, 55 S.W. 589 (Tex. Civ.App., 1900, writ ref.); Yarber v. Iglehart, 264 S.W.2d 474 (Dallas Tex.Civ.App., 1953).

The rule of law applicable to this case is stated in Bogert, Trusts and Trustees, 2nd Ed., § 69, pp. 449–452, in these words:

"The English Statute of Frauds and its American successors commonly provide that trusts of land shall be 'void and of no effect,' unless manifested or proved by a writing. These statutes, however, have not been construed literally. The word 'void' has been held to mean 'unenforceable against the objection of the trustee,' just as the word 'void' in other sections of the statute has been adjudged to mean 'voidable.' The trustee in the oral trust is not forbidden to carry out his trust. He has a moral obligation to carry out his trust duties, but neither a court of equity nor a court of law will bring pressure to bear on him to compel him to live up to his oral agreement. Performance of the oral trust is a legal and commendable act. Ordinarily no person has a right to complain if the trustee under the oral trust does perform his trust and conveys income or capital to the beneficiary. Not infrequently the creditors of the trustee seek to attack a transfer by an oral trustee to his beneficiary on the ground that the trust was unenforceable, and that therefore the trustee was practically the owner of the land and his interests as such owner should be available to his creditors. Where no element of estoppel is found against the beneficiary, the courts have universally denied to the creditor of the oral trustee any right to complain of the performance of the oral trust, whether it occurred before the claims of the creditors arose or were reduced to judgment or after. The property in the hands of the beneficiary to whom the oral trustee has voluntarily conveyed it is subject to

no lien or claim in favor of the oral trustee's creditors. Even in the extreme case where creditors of the oral trustee have sold the realty under an execution against the trustee prior to the performance of the trust by the conveyance from the oral trustee to his beneficiary, the creditors and the purchaser on the execution sale have been held to have no interest in the realty. 'The rule is thoroughly settled that a trust in land declared by parol only, although wholly unenforceable against the trustee, has yet enough of vitality so that if voluntarily executed by the trustee at any time it will become validated as of the date of the original oral agreement. Such a deed is said to relate back to the oral agreement and to take precedence over any interest meanwhile derived from the trustee by another not an innocent purchaser for value.' "

The jury found that the land was deeded to the Chessers on an express oral trust. While Mr. Chesser did not deed the property back to the grantors directly, he did deed it to his co-trustee, who deeded it back to the trustors. There is an executed oral trust. In such a case in states having adopted § 7 of the Statute of Frauds, it is the general rule that no one has a right to complain.

■ Even though the executed parol trust could not be established because of the provision of the Texas Trust Act declaring parol express trusts invalid, the trial court did not err in rendering judgment for appellees. The evidence is clear that the Chessers paid no consideration to the Johnsons for the conveyance of the land. It is established by the answer of the jury to Special Issue No. 2 that the conveyance was not intended as a gift. Since the express trust was invalid, the resulting trust arose from the transaction at the time the legal title passed. Solether v. Trinity Fire Insurance Company, 124 Tex. 363, 78 S.W.2d 180 (Tex.1935); Heidenheimer v. Bauman, 84 Tex. 174, 19 S.W. 382 (1892).

In Hamilton v. First National Bank of O'Donnell, 155 S.W.2d 626 (Amar., Tex.Civ. App., 1941, ref., w. m.), the court said: " * * * The uncontroverted evidence shows that Toombs received no consideration whatever for the assignment of these notes to Mrs. Hamilton. The jury found upon sufficient evidence that Toombs did not assign the notes to her as a gift. It has long been the established rule of equity in this and many other jurisdictions that where a grantor, without consideration, conveys property to a grantee, under circumstances that do not constitute a gift, a resulting trust arises. Under such circumstances equity presumes an intention of the parties that the beneficial title is to remain in the grantor and the grantee holds the same for his benefit. * * * "

■ The evidence in this case was sufficient to establish a resulting trust. Shannon v. Shannon, 231 S.W.2d 986 (Amar., Tex.Civ.App., 1950); Nichols v. Nichols, 170 S.W.2d 558 (El Paso, Tex.Civ.App., 1942); Sohio Petroleum Co. v. Jurek, 248 S. W.2d 294 (Fort Worth, Tex.Civ.App.1952); Jopling v. Caldwell-Degenhardt, 292 S.W. 958 (El Paso, Tex.Civ.App., 1927), rev'd on other grounds, Benton Land Co. v. Jopling, 300 S.W. 28 (Tex.Com.App.1927).

■ The conveyance from the Johnsons to the Chessers merely transferred legal title to the Chessers as trustees. No community estate came into being as a result of that conveyance. The deeds from John Chesser to Ann Chesser and from Ann Chesser to William J. and Doris Ann Johnson were not invalid as to prior creditors of John Chesser. The appellants did not acquire a valid judgment lien on the property in question, nor title by the subsequent sheriff's sale. The deeds executed by John Chesser and Ann Chesser were not fraudulent as to existing creditors because the levy was made after John Chesser had conveyed the legal title he held as trustee. The levy and subsequent sheriff's sale were void as to Ann Chesser since the judgment against her on which the levy was based

was subsequently reversed. Since appellants were not lien creditors, they had no standing to invoke § 7 of the Texas Trust Act.

The judgment of the Trial Court is affirmed.