FARM BUREAU MUTUAL INSURANCE
COMPANY OF ARKANSAS *v.* Craig HARDAGE

CA 79-15                                    587 S.W. 2d 836

Opinion delivered August 15, 1979
and released for publication October 4, 1979

*Laser, Sharp, Haley, Young & Huckabay,* for appellant.

*Henry Morgan,* for appellee.

MARIAN F. PENIX, Judge. This case was appealed to the Arkansas Supreme Court and by that court assigned to the Arkansas Court of Appeals pursuant to Arkansas Supreme Court Rule 29(3).

The question before this court is whether Craig Hardage, Appellee, had an insurable interest in certain real property. The jury awarded $12,000.00 plus penalties and attorney's fees.

A policy of fire insurance was issued by Farm Bureau Mutual Insurance Company of Arkansas, appellant, to Craig Hardage, appellee, insuring a dwelling against loss by fire in the amount of $12,000.00. Craig Hardage sold the property to C. Jack Anderson and the deed was recorded on July 28, 1977. Although Anderson signed the offer and acceptance without noticing the clause giving Hardage the house, he nevertheless signed the contract and closed the transaction. Anderson testified that he never once considered the house to be included in the price he paid for the property. His agreement with Hardage was that the house belonged to Hardage until such time as Anderson began to bulldoze the property. This development never occurred.

Hardage visited the appellant's office for the purpose of renewing the policy. He tendered the premium to appellant's agent and it was accepted. At this visit Hardage explained the sale of the property and the plan for keeping the house for himself. The appellant was thus put on notice, but nevertheless renewed the policy. The house was completely destroyed by fire on August 19, 1977.

Hardage had an insurable interest in the house at the time of the loss by fire. *Farm Bureau Mutual Insurance Company of Arkansas* v. *E. J. Barnes,* 228 Ark. 68, 305 S.W. 2d 673, is a

case very similar to the one at hand. There the court held that the buildings which were to have been removed were real property under "the eyes of the law", and the plaintiff had an insurable interest within the meaning of Ark. Stat. § 66-515 (66-3901) and was entitled to recover the face value of the policy.

Appellant cites *Williams* v. *Farmers & Merchants Insurance Company*, 327 Fed. Supp. 1109 (D.C. Ark. 1971) as holding that an alleged purchase of real property under an oral agreement did not possess sufficient economic interest in the safety of the insured property to have an insurable interest therein. The facts in the *Williams* case are substantially different from the present case. In the present case, the purchaser of the land concedes that appellee retained ownership of the house involved.

Appellant raises the statute of frauds. The appellant, Farm Bureau Mutual Insurance Company of Arkansas, was not a party to the written or oral contract. *Russell* v. *Keene*, 239 Ark. 752, 394 S.W. 2d 131 (1965) held that a third party insurance company who was not a party to the contract may not raise the defense of the statute of frauds. This legal principle is restated in 73 Am. Jur. 2d 582 and also in 37 C.J.S. § 220(e).

We hold that appellee had an insurable interest in the property destroyed by fire. Therefore, the jury verdict for Hardage is affirmed and the appellee is awarded costs and attorney's fee in the amount of $300.00.